## BARNETT v. SALOMAN.

1. DEBTOR AND CREDITOR — UNAUTHORIZED PAYMENT — RATIFICA-
   TION — QUESTION FOR JURY.
   A creditor's statement to his debtor, after the latter has made an unauthorized payment of the debt to a third person, that the debt is discharged and the evidence of the same destroyed, does not necessarily show a ratification, its weight being for the jury.

2. TRIAL — DELIBERATIONS OF JURY — IRREGULAR INSTRUCTIONS —
   FAILURE TO OBJECT — NEW TRIAL.
   After the jury had retired, they summoned the clerk, in the absence of the trial judge, and gave him a note requesting

further instructions. The request was communicated by telephone to the judge, who, in reply, dictated to the clerk an instruction which properly covered the subject of the inquiry. This instruction, after being reduced to writing and submitted to counsel, was delivered by the clerk to the jury. *Held,* that counsel could not for the first time object to the proceeding on motion for a new trial.

Error to Wayne; Donovan, J. Submitted October 6, 1898. Decided November 9, 1898.

*Assumpsit* by Louis Barnett against Rosa Saloman on a promissory note. From a judgment for plaintiff, defendant brings error. Affirmed.

*Selling & Hatch,* for appellant.

*Sloman & Groesbeck* (*Benjamin Jacobson,* of counsel), for appellee.

LONG, J. Action upon a promissory note of $100, dated September 1, 1894. The execution of the note is admitted. The defense is that it has been paid.

The plaintiff is 75 years of age, and the defendant is his niece. They live in the same house, plaintiff living in the upper part of it. It appears that, after the making of the note, plaintiff was sued for a breach of promise of marriage. This case was settled by plaintiff, and on his return home after such settlement, he says, he stated to defendant that she could have this $100 note which she owed him; that defendant and her husband declined to receive it, saying that they had no children, and did not need the money. Defendant admits this conversation, but claims that she then told the plaintiff to give the money due on the note to Louis Saloman, her husband's brother, who was then out of employment, had four children, and needed the money, as he wanted to start in business; that the plaintiff promised that he should have the money; that this conversation was in the presence of her husband. The husband of defendant also testified to this conversation, and, further,

that the plaintiff told him to pay the money on the note to Louis Saloman; that, acting upon this, he did pay the $100 to Louis Saloman; that he informed the plaintiff of such payment, and asked to have the note back, and was informed by the plaintiff that the note had been destroyed. This whole arrangement as testified to by defendant and her husband is denied by plaintiff. He testified that there was a talk about his letting Louis Saloman have some money, and that he said if he got back the $100 he would loan Louis $50; but that he never authorized the defendant or her husband to pay Louis the money due on the note, and never approved such action; that, after defendant refused to receive it as a gift, he kept the note, and produced it on the trial.

The court charged the jury, at the request of defendant, as follows:

"If you find from the evidence that the plaintiff, after the termination of the breach of promise case with Rosa Schlessinger, authorized the defendant or her husband, Jacob Saloman, to pay the amount of the note sued on in this case to Louis Saloman, and that the plaintiff thereafter never revoked the authority, and that the defendant or her husband paid the amount of the said note to the said Louis Saloman, then your verdict would be for the defendant; that is, of course, if the note is paid you would not find a verdict on it.

"If you find that the plaintiff in January, 1896, authorized Louis Saloman to collect the amount of this note from the defendant in this case, and that in pursuance of that authority the said defendant or her husband did so pay the $100 to the said Louis Saloman, then your verdict would be for the defendant. * * *

"If you find after the $100 was paid— I will say, if you find that the $100 was paid to Louis Saloman; that the plaintiff was informed by the defendant or her husband, and approved of the action so taken,—then your verdict would be for the defendant. It is immaterial in this case what Louis Saloman was to do with the money. If you find that the plaintiff authorized the defendant or her husband to pay Louis Saloman the money, and his ratification of the payment thereafter, if he did so ratify it, would show that he did not intend that the money was to be applied for any particular purpose.

"It is undisputed in this case that Rosa Saloman had authorized her husband, Jacob Saloman, to act in the matter for her; and if you find that Jacob Saloman was instructed by the plaintiff in this action to pay the amount of the note to Louis Saloman, and that Jacob Saloman did so pay it, then the payment was the same as if made to the plaintiff himself, and then the verdict would be for the defendant.

"If you find that the plaintiff authorized payment of the money due on this note to Louis Saloman, and it was paid, then the fact that the note was not canceled or destroyed is immaterial in this case."

Defendant's counsel also asked the court to charge the jury:

"If you find that, after the payment of the amount of the note to Louis Saloman, Jacob Saloman asked the plaintiff for the note, so that it might be canceled or destroyed, and that the said plaintiff informed the said Jacob Saloman that the note was destroyed and that he would never again try to enforce payment, your verdict must be for the defendant."

The following request was also made by the defendant:

"If you find that the plaintiff in this suit, one month before he brought suit upon this note, stated to the defendant, in the presence of her husband and in the presence of Mrs. Roth, that the defendant in this suit owed him nothing, and if he did not in any way qualify this statement, this is conclusive proof that he considered the note paid, and your verdict must be for the defendant."

These requests were refused, and counsel for defendant insist that the refusal to give them was prejudicial to the defendant, and that the requests correctly stated the law governing the case. We think the court properly refused them. If it be assumed that the plaintiff made these statements, he would not be estopped from making claim on the note. He denied positively that he made any such statements, and the whole controversy was for the jury. The court very fully and fairly stated to the jury that, if the plaintiff instructed defendant's husband to pay the money to Louis Saloman, he could not recover. That was the only question in the case.

It appears that a motion for a new trial was made upon the grounds that after the jury had been charged by the court, and had retired to their room for deliberation, the clerk of the court, in the absence of the court, and without consent of counsel for defendant, entered the jury-room, and received from the jury a note reading, "It is maintained by some of the jurors that the judge charged us that, if we believed that Jacob paid the money to Louis, we must bring in a verdict for the defendant;" that the clerk communicated the contents of this paper to the trial judge through the telephone; that the judge directed him to change the paper so that it would read, "If Jacob paid the money to Louis by authority of Barnett, the plaintiff, you must bring in a verdict for the defendant;" that defendant's counsel objected to this method of charging the jury, but that the clerk took the paper into the jury-room, defendant's counsel not being admitted, and no stenographer being present; and that the clerk was heard to say something to the jury, but what it was could not be heard. The motion was supported by the affidavit of counsel for defendant.

The plaintiff on such motion filed the affidavit of the clerk of the court in opposition to the motion, in which the clerk testified that, while the jury were in their room, he was informed by the officer in charge that the foreman of the jury requested to have him called; that he did not enter the jury-room, but went to the door; that the foreman stated that the jury desired to ask a question of the court; that he communicated this to the judge, who directed that the jury should put the question in writing, which was done, and the question was presented as stated in the motion; that one of the circuit judges was in the room adjoining while these matters were taking place; that, as soon as he received the question from the jury, he showed it to the circuit judge then present, who instructed him to submit it to the attorneys for both parties, which he did; that he then communicated it to the trial judge, who directed the change as above suggested;

that he at once submitted the instruction to both the attorneys of the parties, neither of whom made any objection to its being handed to the jury; that he handed it to the jury, but in no manner otherwise communicated with them.

The motion was denied by the trial court, and error is assigned upon such denial.    The whole matter was before the trial court, who was in a better position to determine the truth of the facts stated in the affidavits on this motion than we are.    If counsel for the defendant consented that the further charge might be handed to the jury by the clerk, or stood by and made no objection to such proceeding, we think no error was committed of which counsel can now complain.    It is true that no communication must be made to the jury after they have retired to deliberate upon their verdict, except by order of the court.    The court itself directed that this further instruction be given them in writing.    Counsel for defendant, if the clerk's affidavit be true, knew that they were to be so further instructed, and made no objection.    The instruction was a correct statement of the law applicable to the case, and we think no new trial should be now granted at the instance of counsel who made no objection at the time.

The judgment must be affirmed.

The other Justices concurred.